UNITED STATES DISTRICT
COURT. NORTHERN DISTRICT
OF CALIFORNIA

Case No. 4:21-cv-06647 PJH

FILED
8/27/2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

8.3.21

THE HON. JUDGE PHYLLIS J. HAMILTON:

SIR, I AM SORRY THAT I HAVE TO DISTURB YOU WITH THIS PROBLEM. I'M AN INMATE OF THE ARKANSAS DEPARTMENT OF CORRECTION. #062201 NORTH CENTRAL UNIT. CALICO ROCK AR. 72519. I'M WRITE THIS LETTER REGARDING YOUR ORDER IN SCHOLL v. MNUCHIN CASE NO. 20-CV-05309. 483 F.SUPP. 3d 822. 2020. AN ORDER CERTIFYING A NATIONWIDE CLASS OF PEOPLE INCARCERATED IN STATE AND FEDERAL PRISONS. AND GRANTING THE PLAINTIFFS MOTION FOR PRELIMINARY INJUNCTION REQUIRING THE U.S. DEPARTMENT OF TREASURY. THE U.S. INTERNAL REVENUE SERVICE AND THE UNITED STATES OF AMERICA TO STOP WITHHOLDING CARES ACT STIMULUS FUNDS FROM PLAINTIFFS, OF ANY CLASS MEMBER ON THE SOLE BASIS OF THEIR INCARCERATED STATUS. AFTER THIS ORDER WAS ENACTED THE ARKANSAS GENERAL ASSEMBLY ENACTED ENACTED 1110. I AM ENCLOSEING IN THIS LETTER. THIS ACT IS REFERRING TO OUTSTANDING COURT FINE, OR RESTITUTION OR DEBTS

SUBCHAPTER ONE. IS AMENDED TO ADD AN ADDITIONAL SECTION TO READ OR FOLLOW. SEC(C) IF A PERSON WHO IS IN CUSTODY OF THE DEPARTMENT IF CORRECTION RECEIVES ANY FEDERAL RELIEF STIMULUS FUNDS BUT HAS NO KNOWN EXISTING COURT FINES, FEE, COSTS, OR RESTITUTION. THE FUNDS SHALL BE DISTRIBUTED IN EQUAL PART. HOWEVER NO PART INCLUDE THE INMATE AS A HOLD. I'VE BEEN INCARCERATED THIRTY ONE CONSECUTIVE YEARS, IN 2020 I FILE MY 2019 TAX-RETURN SEEKING CARES ACT, RELIEF FOR INCARCERATED PEOPLE. AND ON 6-1-21. MS. B TATE, UNIT BUSINESS MANAGER ASKED ME TO ENDORSE A FOURTEEN HUNDRED DOLLAR CARES ACT STIMULUS CHECK. SEVERAL DAYS LATER I WAS ~~[scratched]~~ INFORM THAT THE DEPARTMENT OF CORRECTION ACCOUNTING OFFICER WILL BE INDEFINITENESS WITHHOLDING ALL STIMULUS CHECKS THAT MAIL IN TO ANY OF THEIR UNITS PURSUING TO ARKANSAS ACT 1110 OF 2021. THE U.S. CONSTITUTION ART. 1, 9 AND 10 AND ARKANSAS CONST. ART. 2 AND 17. PROHIBIT THE ENACTMENT OF ANY LAW WHICH IMPOSES PUNISHMENT ON A PERSON FOR ANY ACT DONE THAT WAS NOT PUNISHABLE AT THE TIME IT WAS COMMITTED.

III

I BELIEVE THIS ACTION TO BE IN VIOLATION OF THE EX POST FACTO LAWS AS WILL ASK A VIOLATION OF THE COURT ORDER ISSUE IN SCHOLL v. MNUCHIN 483 F. SUPP. 3.d 822- 2020. THERE ARE TWO CRITICAL ELEMENTS THAT MUST BE PRESENT FOR A CRIMINAL LAW TO BE EX POST FACTO. (1) IT MUST BE RETROSPECTIVE, THAT IS IT MUST DISADVANTAGE THE OFFENDER AFFECTED BY IT. THE ECONOMIC IMPACT PAYMENT CARES ACT. APPLIES TO ME AS OF DECEMBER. 31, 2019 ANONYMOUS EN ALTER ACT. INO AUGUST, 2021 I AM UP FOR PAROLE NEXT MONTH AND THESE FUNDS ARE NEEDED TO SUPPORT ME AFTER I AM RELEASE I AM MEDICAL UNABLE TO WORK AND WILL HAVE TO SEEK GOVERNMENT ASSISTANT UNDER THE DISABILITY ACT. PLEASE HELP ME WITH THIS MATTER.

THANK YOU!

JESSE L. JACKSON
N.C. UNIT. 062201
10. PRISON CIRCLE
CALICO ROCK, AR,
72519



**2021 Arkansas Laws Act 1110 (S.B. 544)**
ARKANSAS 2021 SESSION LAWS 93rd GENERAL ASSEMBLY, REGULAR SESSION, 2021   *(Approx. 2 pages)*

2021 Arkansas Laws Act 1110 (S.B. 544)

ARKANSAS 2021 SESSION LAWS

93rd GENERAL ASSEMBLY, REGULAR SESSION, 2021

Additions are indicated by **Text**; deletions by
~~Text~~ .
Vetoes are indicated by ~~Text~~ ;
stricken material by ~~Text~~ .

ACT 1110

S.B. 544

AN ACT REQUIRING A PERSON IN THE CUSTODY OF A CORRECTIONAL FACILITY TO USE FUNDS FROM FEDERAL RELIEF OR STIMULUS PROGRAMS TO FIRST PAY OUTSTANDING FINES, FEES, COSTS, OR RESTITUTION; TO DECLARE AN EMERGENCY; AND FOR OTHER PURPOSES.

**Subtitle**

REQUIRING A PERSON IN THE CUSTODY OF A CORRECTIONAL FACILITY TO USE FUNDS FROM FEDERAL RELIEF OR STIMULUS PROGRAMS TO FIRST PAY OUTSTANDING FINES, FEES, COSTS, OR RESTITUTION; AND TO DECLARE AN EMERGENCY.

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF ARKANSAS:

*SECTION 1. Arkansas Code Title 12, Chapter 29, Subchapter 1, is amended to add an additional section to read as follows:*

<< AR ST § 12-29-119 >>

**12-29-119 Use of federal relief or stimulus funds to pay outstanding court obligations.**

*(a) Unless prohibited by federal law, a person who is in the custody of the Department of Corrections for an offense committed in the state who receives any federal relief or stimulus funds from the United States Government is required to first use the federal relief or stimulus funds to pay off existing court fines, fees, costs, or restitution before he or she may use the federal relief or stimulus funds for any other purpose.*

*(b) If the department is made aware of existing court fines, fees, costs, or restitution owed by a person in its custody who has received funds from the United States Government, the department shall:*

*(1) Verify the funds received by the person are intended for the person;*

*(2) Verify the funds received are federal relief or stimulus funds;*

*(3) Withhold from any federal relief or stimulus funds an amount not to exceed the amount owed for fines, fees, costs, or restitution; and*

*(4) Forward the withheld federal relief or stimulus funds to the circuit clerk in the county or to the city treasurer in the municipality to which existing court fines, fees, costs, or restitution is owed.*

*(c) It is not the responsibility of the department to search for existing court fines, fees, costs, or restitution owed by a person in its care and custody.*

*(d) If a person who is in the custody of the department receives any federal relief or stimulus funds from the United States Government but has no known existing court fines, fees, costs, or restitution, the federal relief or stimulus funds shall be distributed in equal parts to the following:*

*(1) An inmate welfare fund established under § 12–29–107; and*

*(2) The Division of Correction Inmate Care and Custody Fund Account.*

*(e) This section applies retroactively to any federal relief or stimulus funds received on or after October 13, 2020, from the United States Government.*

*(f) If the department is unable to confirm funds received by a person in its custody are federal relief or stimulus funds, the funds will be deposited into the person's inmate banking account.*

SECTION 2. Arkansas Code Title 12, Chapter 41, Subchapter 1, is amended to add an additional section to read as follows:

<< AR ST § 12–41–109 >>

**12–41–109 Use of federal *relief or stimulus* funds to pay outstanding court obligations.**

Unless prohibited by federal law, a person who is in the custody of a local or regional correctional facility for an offense committed in the state that receives any federal relief or stimulus funds from the United States Government is required to first use the federal *relief or stimulus* funds to pay off existing court fines, fees, costs, or restitution before he or she may use the federal relief or stimulus funds for any other purpose.

SECTION 3. **EMERGENCY CLAUSE.** It is found and determined by the General Assembly of the State of Arkansas that many persons currently in custody for convictions are set to receive or have already received federal relief funds related to coronavirus 2019 (COVID–19) recovery; that many of these persons in custody still have outstanding fines, fees, costs, and restitution ordered to be paid by a sentencing court; that a person in custody has a responsibility to the state and any victim of his or her offense to pay off these obligations as soon as possible; that the state needs to act quickly to ensure the federal relief funds paid to these persons in custody are not spent or otherwise diverted to other things before the person's obligations to the state, the court, and any victim are satisfied. Therefore, an emergency is declared to exist, and this act being immediately necessary for the preservation of the public peace, health, and safety shall become effective on:

(1) The date of its approval by the Governor;

(2) If the bill is neither approved nor vetoed by the Governor, the expiration of the period of time during which the Governor may veto the bill; or

(3) If the bill is vetoed by the Governor and the veto is overridden, the date the last house overrides the veto.

*/s/ Rice*

APPROVED: 5/3/2021

---

End of Document

© 2021 Thomson Reuters. No claim to original U.S. Government Works.



Mr. Jesse L. Jackson
N.A. United O'Barack
19 Prison Guide
Calizo Ch La Ca
7519 M.

Hon. Phyllis J. Hamilton
United States District Court
Northern District of California
SD Golden Gate, Avenue
SN Francisco, CA 94102-3489
"LEGAL MAIL"
PLEASE

RECEIVED
AUG 05 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

ORIGINATED
FROM NCU
FACILITY

NEOPOST
08/02/2021
US POSTAGE

